**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR<br>INDUSTRY PENSION FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | : <br> : <br> : <br> : <br> : | |
| TRUSTEES OF THE NATIONAL ELEVATOR<br>INDUSTRY HEALTH BENEFIT FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | : <br> : <br> : <br> : <br> : | |
| TRUSTEES OF THE NATIONAL ELEVATOR<br>INDUSTRY EDUCATIONAL FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | : <br> : <br> : <br> : <br> : | |
| TRUSTEES OF THE ELEVATOR INDUSTRY<br>WORK PRESERVATION FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | : <br> : <br> : <br> : <br> : | **COMPLAINT**<br>**CIVIL ACTION NO.** |
| and | : | |
| TRUSTEES OF THE ELEVATOR<br>CONSTRUCTORS ANNUITYAND<br>401(K) RETIREMENT FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | : <br> : <br> : <br> : <br> : | |
| Plaintiffs, | : <br> : | |
| v. | : <br> : | |
| A LEWIS ENTERPRISES, INC.<br>D/B/A A STEP ABOVE ELEVATOR<br>1064 Horizon Dr., Suite 5<br>Fairfield, CA  94533, | : <br> : <br> : <br> : <br> : | |
| ANTHONY LEWIS<br>1064 Horizon Dr., Suite 5<br>Fairfield, CA  94533, | : <br> : <br> : <br> : | |
| and | : <br> : | |

LINDSEY LEWIS                          :
1064 Horizon Dr., Suite 5              :
Fairfield, CA  94533                   :
                                       :
                    Defendants.        :
_____

## COMPLAINT IN CONFESSION OF JUDGMENT

### (FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT AND SETTLEMENT AGREEMENT; TO COLLECT AMOUNTS DUE TO BENEFIT FUNDS; TO ENTER CONFESSED JUDGMENT)

### Parties

1.      The National Elevator Industry Pension Fund ("Pension Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).  The Pension Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Pension Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.  The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

2.      The National Elevator Industry Health Benefit Fund ("Health Benefit Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).  The Health Benefit Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Health Benefit Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.  The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

3.      The National Elevator Industry Educational Fund ("Educational Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).  The Educational Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Educational Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.  The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

4.      The Elevator Industry Work Preservation Fund ("Work Preservation Fund") is a labor-management cooperation committee as provided for in Section 302(c)(9) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(9), and Section 6 of the Labor-Management Cooperation Act of 1978, 29 U.S.C. § 175a.  The Work Preservation Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Work Preservation Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.

5.      The Elevator Constructors Annuity and 401(k) Retirement Fund ("Annuity 401(k) Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).  The Annuity 401(k) Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Annuity 401(k) Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.  The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

6.      A Lewis Enterprises, Inc., d/b/a A Step Above Elevator ("A Step Above Elevator"), is a California business existing under California laws with offices located at 1064 Horizon Dr., Ste. 5, Fairfield, CA  94533.

7.      A Step Above Elevator transacts business in California as a contractor or subcontractor in the elevator industry and at all relevant times herein was an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

8.      At all relevant times, A Step Above Elevator was and is signatory and bound to the Agreements between the International Union of Elevator Constructors, AFL-CIO, and the National Elevator Bargaining Association ("Collective Bargaining Agreements") by virtue of its Short Form Agreement.

9.      Anthony Lewis, is an officer and owner of A Step Above Elevator, and resides at 1064 Horizon Dr., Ste. 5, Fairfield, CA  94533.

10.      At all relevant times, Anthony Lewis exercised control and discretion over the assets of A Step Above Elevator, including, but not limited to, decisions regarding the collection of receivables for A Step Above Elevator, the disbursement of payroll to employees, the disbursement of any payroll deductions authorized by A Step Above Elevator's employees, and the amounts to be paid to the Plaintiffs.  Accordingly, Anthony Lewis is a fiduciary to the Pension Fund, Health Benefit Fund, Educational Fund, and Annuity 401(k) Fund, as defined in ERISA §3(21)(A), 29 U.S.C.A. §1002(21)(A).

4

11.     Lindsey Lewis, is an officer and owner of A Step Above Elevator, and resides at 1064 Horizon Dr., Ste. 5, Fairfield, CA  94533.

12.     At all relevant times, Lindsey Lewis exercised control and discretion over the assets of A Step Above Elevator, including, but not limited to, decisions regarding the collection of receivables for A Step Above Elevator, the disbursement of payroll to employees, the disbursement of any payroll deductions authorized by A Step Above Elevator's employees, and the amounts to be paid to the Plaintiffs.  Accordingly, Lindsey Lewis is a fiduciary to the Pension Fund, Health Benefit Fund, Educational Fund, and Annuity 401(k) Fund, as defined in ERISA §3(21)(A), 29 U.S.C.A. §1002(21)(A).

## Jurisdiction

13.     This Court has jurisdiction of this action under Sections 404, 409, 502 and 515 of the Employee Retirement Income Security Act of 1974 (as amended) ("ERISA"), 29 U.S.C. §§1104, 1109, 1132 and 1145, under Sections 301(a) and (c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) and (c), and supplemental jurisdiction for any state law claims under 28 U.S.C. Section 1367(a).  This is an action for breach of a settlement agreement and for the entry of a confessed judgment.

14.     The Confession of Judgment authorizes the Plaintiffs to file a Complaint in this Court in the event of a default by the Defendants A Step Above Elevator, Anthony Lewis, and Lindsey Lewis.

## COUNT I

### (ENTRY OF CONFESSED JUDGMENT)

15.     The Plaintiffs, the Pension Fund, Health Benefit Fund, Educational Fund, Elevator Industry Work Preservation Fund, and Annuity 401(k) Fund ("Benefit Funds" or "Benefit Fund Plaintiffs") hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 14 as if fully set forth in Count I.

16.     Pursuant to its Collective Bargaining Agreements, Defendant A Step Above Elevator agreed to pay to the Benefit Fund Plaintiffs certain sums of money for each hour worked by Defendant's employees covered by the Collective Bargaining Agreements.

17.     Defendant A Step Above Elevator employed certain employees covered by the Collective Bargaining Agreements, but failed to pay the entire amount when due to the Benefit Funds for work performed from May 2018 through August 2018 as required by the Collective Bargaining Agreements and the Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust.

18.     The Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust provide that an employer who fails to pay the amounts required when due shall be obligated to pay, in addition to the contributions owed, liquidated damages plus interest from the date due through the date of payment.

19.     The Benefit Fund Plaintiffs and the Defendants A Step Above Elevator, Anthony Lewis, and Lindsey Lewis entered into a Settlement Agreement and Confession of Judgment to resolve its failure to pay contributions timely to the Benefit Funds for work performed from May 2018 through August 2018.  (Exhibit 1 (Declaration of Robert O. Betts, ¶ 6; Declaration of Robert O. Betts, Exhibit A).)

20.     Anthony Lewis and Lindsey Lewis, on behalf of A Step Above Elevator and themselves, knowingly executed the Confession of Judgment, and are of sufficient age and education to understand its terms as provided in the seventh paragraph of the Affidavit for Confession of Judgment.

21.     The Affidavit of Confession of Judgment was executed by A Step Above Elevator, Anthony Lewis and Lindsey Lewis, as part of the terms of a comprehensive settlement agreement. (Exhibit 1 (Declaration of Robert O. Betts, ¶ 6; Declaration of Robert O. Betts, Exhibit B).).

22.     A Step Above Elevator, Anthony Lewis, and Lindsey Lewis made a voluntary, knowing and intelligent waiver of the right to notice and a prejudgment hearing on the merits of the Benefit Funds' claims as provided in the fourth paragraph of the Affidavit for Confession of Judgment.

23.     The Defendants A Step Above Elevator, Anthony Lewis, and Lindsey Lewis are in default of the terms of the Settlement Agreement referred to in the Affidavit for Confession of Judgment.  The Defendants A Step Above Elevator, Anthony Lewis, and Lindsey Lewis failed to make the payments due on February 1, 2019, March 1, 2019, and April 1, 2019, under the terms of the Settlement Agreement.  (Exhibit 1 (Declaration of Robert O. Betts, ¶ 7).)

24.     The Defendants A Step Above Elevator, Anthony Lewis, and Lindsey Lewis are in default of the terms of the Settlement Agreement referred to in the Affidavit for Confession of Judgment.  The Defendants A Step Above Elevator, Anthony Lewis, and Lindsey Lewis failed to make the regular monthly contributions payments due on February 15, 2019 and March 15, 2019, as required under the terms of the Settlement Agreement.  (Exhibit 1 (Declaration of Robert O. Betts, ¶ 7).)

25.     The Affidavit of Confession of Judgment provides that in the event of a default by A Step Above Elevator, Anthony Lewis, and Lindsey Lewis, in the payment of any amount due under the terms of the Settlement Agreement, interest will be assessed on the sum of $64,145.12 at the rate of nine percent (9%) per annum.  (Exhibit 1 (Declaration of Robert O. Betts, ¶ 8).)

26.     Interest in the amount of $2,572.09 has accrued as of April 2, 2019.  (Exhibit 1 (Declaration of Robert O. Betts, ¶ 9).)

27.     The Affidavit of Confession of Judgment provides that in the event of a default by Defendants A Step Above Elevator, Anthony Lewis, and Lindsey Lewis in the payment of any amount due under the terms of the Settlement Agreement, the Benefit Fund Plaintiffs may confess a judgment against A Step Above Elevator, Anthony Lewis, and Lindsey Lewis in favor of the holder for the full amount then due, plus costs of suit and attorneys' fees.  (Exhibit 1 (Declaration of Robert O. Betts, ¶ 10).)

28.     The Plaintiffs have incurred costs in the amount of $400.00, plus attorneys' fees in the amount of $1,656.00.  (Exhibit 1 (Declaration of Robert O. Betts, ¶ 11)); Exhibit 2 (Declaration of Andrew Kelser, ¶ 6)

29.     The Defendants have paid $20,927.54 under the terms of the Settlement Agreement.  (Exhibit 1 (Declaration of Robert O. Betts, ¶ 7).)

30.     A Judgment in the amount of $48,025.67, is appropriately entered against Defendants A Step Above Elevator, Anthony Lewis, and Lindsey Lewis as provided by the terms of the Affidavit for Confession of Judgment.  (Exhibit 1 (Declaration of Robert O. Betts, ¶ 12; Declaration of Robert O. Betts, Exhibit C).)

31.     The Confession of Judgment and Judgment by Confession does not involve a loan defined as a "consumer credit transaction" in accordance with Annex. A to Title 231, Chapter 2950, Rule 295 1(a)(2).

32.     The Confession of Judgment and Judgment by Confession arose out of a business transaction and were not entered into for personal, family or household purposes.  The Confession of Judgment and Judgment by Confession do not arise out of a retail installment sale, contract or account as defined under the Goods and Services Installment Sales Act, 69 P.S. §1101, *et seq.*

33.     The Judgment by Confession is not being entered against natural persons in connection with a consumer credit transaction.  The Judgment by Confession is not being entered in connection with a residential lease.

34.     Neither the Confession of Judgment nor the Judgment by Confession have been assigned and Plaintiffs are the current holder thereof.

35.     Judgment has not been entered on the Judgment by Confession or the Confession of Judgment in any other jurisdiction.

36.     The Judgment by Confession is less than twenty years old and no application for a court order granting leave to enter judgment after notice is required.

37.     Upon information and belief, the Defendants are not a member of the military.

**WHEREFORE,** the Plaintiffs pray judgment on Count I as follows:

1. For a Court Order entering judgment against Defendants A Step Above Elevator, Lindsey Lewis, and Anthony Lewis, jointly and severally, as provided in its Confession of Judgment, in the amount of $48,025.67.

Respectfully submitted,

DATE: <u>April 3, 2019</u>

Robert P. Curley, Bar No. 55760
Andrew Kelser, Bar No. 314865
**O'DONOGHUE & O'DONOGHUE LLP**
Constitution Place, Suite 515
325 Chestnut Street
Philadelphia, PA  19106
Telephone (215) 629-4970
Facsimile (215) 629-4996

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____19 Campus Boulevard, Suite 200, Newtown Square, PA   19073_____

Address of Defendant: _____1064 Horizon Dr., Ste. 5, Fairfield, CA  94533_____

Place of Accident, Incident or Transaction: _Defendants breached the terms of a Settlement Agreement and Confession of Judgment by failing to make the required payments._

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☑ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☑ |

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 04/03/2019 _____ _____ 55760
*Attorney-at-Law / Pro Se Plaintiff* _____ *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.   Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☑ 11. All other Federal Question Cases
  *(Please specify):* _____ERISA_____

**B.   Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____Robert P. Curley_____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 04/03/2019 _____ _____ 55760
*Attorney-at-Law / Pro Se Plaintiff* _____ *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Trustees of the National Elevator Industry Pension Fund, et al.

**DEFENDANTS**
A Lewis Enterprises, Inc. d/b/a A Step Above Elevator, et al.

**(b)** County of Residence of First Listed Plaintiff   Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert P. Curley & Andrew Keiser, O'Donoghue & O'Donoghue LLp, 325 Chestnut Street, Suite 515, Philadelphia, PA  19106
215-629-4970

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question
  *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                              *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| | | | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☒ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation - Transfer
- ☐ 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §§1132, 29 U.S.C. §§1145
Brief description of cause:
Breach of Collective Bargaining Agreement and Settlement Agreement, to Enter Confessed Judgment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
48,025.67

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
04/03/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Trustees of the National Elevator Industry Pension Fund, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| A Lewis Enterprises, Inc. d/b/a A Step Above Elevator, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
   and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
   exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
   commonly referred to as complex and that need special or intense management by
   the court.  (See reverse side of this form for a detailed explanation of special
   management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)


| April 3, 2019 | Robert P. Curley | Plaintiffs |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-629-4970 | 215-629-4996 | rcurley@odonoghuelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND, et al., | : |
| | : |
| | : |
| Plaintiffs, | : Civil Action No. _____ |
| | : |
| v. | : |
| | : |
| A LEWIS ENTERPRISES, INC., D/B/A A STEP ABOVE ELEVATOR, et al., | : |
| | : |
| | : |
| Defendants. | : |

**DECLARATION OF ROBERT O. BETTS, JR.**

I, Robert O. Betts, Jr., hereby certify, declare and verify as follows:

1.      That I am the Executive Director of the National Elevator Industry Pension Fund, National Elevator Industry Health Benefit Fund, and Elevator Constructors Annuity and 401(k) Retirement Fund.

2.      I have been retained by the National Elevator Industry Education Fund and Elevator Industry Work Preservation Fund to act on their behalf for the purpose of collecting unpaid contributions to the National Elevator Industry Education Fund and Elevator Industry Work Preservation Fund.

3.      I am over the age of 18 and competent to testify to the facts contained in this Declaration.  I am authorized to execute this Declaration on behalf of the National Elevator Industry Pension Fund, National Elevator Industry Health Benefit Fund, Elevator Constructors Annuity and 401(k) Retirement Fund, National Elevator Industry Education Fund, and Elevator Industry Work Preservation Fund ("Benefit Funds").

4.      A Lewis Enterprises, Inc. d/b/a A Step Above Elevator ("A Step Above Elevator") executed a Short Form Agreement and agreed to be bound to the Collective Bargaining

Agreements between the International Union of Elevator Constructors, AFL-CIO, and the National Elevator Bargaining Association.   A Step Above Elevator currently is bound to the terms of the Collective Bargaining Agreement between the International Union of Elevator Constructors, AFL-CIO, and the National Elevator Bargaining Association.

5.      That A Step Above Elevator provided contributions reports to the Benefit Funds for the months of May through August 2018.  However, it failed to pay contributions when due to the Benefit Funds for hours worked by its employees during these months.

6.      That in order to resolve its failure to pay contributions when due to the Benefit Funds, A Step Above Elevator, and its principals, Anthony Lewis and Lindsey Lewis, executed a Settlement Agreement and Confession of Judgment on October 10, 2018.   The Settlement Agreement and Confession of Judgment required A Step Above Elevator, Anthony Lewis and Lindsey Lewis, to make regularly monthly settlement payments to satisfy the outstanding amount of $64,145.12.  The Settlement Agreement and Confession of Judgment also required A Step Above Elevator, Anthony Lewis and Lindsey Lewis, to report and pay contributions to the Benefit Funds on a monthly basis for any work period not covered by the Settlement Agreement.  The Affidavit of Confession of Judgment is attached as Exhibit A to this Declaration.  The Settlement Agreement is attached as Exhibit B to this Declaration.

7.      That A Step Above Elevator, Anthony Lewis and Lindsey Lewis, paid $20,927.54 before breaching the terms of the Settlement Agreement and Confession of Judgment by failing to make the payments due on February 1, 2019, March 1, 2019, and April 1, 2019 and the monthly contribution payments due on February 15, 2019 and March 15, 2019.

8.      The Affidavit of Confession of Judgment provides that in the event of a default by A Step Above Elevator, Anthony Lewis, and Lindsey Lewis, in the payment of any amount due

under the terms of the Settlement Agreement, interest will be assessed on the sum of $64,145.12 at the rate of nine percent (9%) per annum.

9.     Interest in the amount of $2,572.09 has accrued as of April 2, 2019.

10.     The Affidavit of Confession of Judgment provides that in the event of a default by Defendants A Step Above Elevator, Anthony Lewis, and Lindsey Lewis in the payment of any amount due under the terms of the Settlement Agreement, the Benefit Fund Plaintiffs may confess a judgment against A Step Above Elevator, Anthony Lewis, and Lindsey Lewis in favor of the holder for the full amount then due, plus costs of suit and attorneys' fees

11.     The Plaintiffs have incurred costs in the amount of $400.00, plus attorneys' fees in the amount of $1,656.00.

12.     Subject to the terms of the Settlement Agreement and Confession of Judgment, A Step Above Elevator, Anthony Lewis and Lindsey Lewis, owe $48,025.67 in unpaid contributions, interest and liquidated damages assessed on unpaid contributions, attorneys' fees, and interest assessed on the principal amount subject to the Confession of Judgment, less the amount paid by A Step Elevator, Anthony Lewis, and Lindsey Lewis.  The chart attached to this Declaration as Exhibit C details these calculations.

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct.  Executed this ___3rd___ day of April, 2019, in Newtown Square, Pennsylvania.


ROBERT O. BETTS, JR.
EXECUTIVE DIRECTOR

# Declaration of Robert O Betts, Jr.
# Exhibit A

**AFFIDAVIT FOR**
**CONFESSION OF JUDGMENT**

I, Lindsey Lewis, as Secretary and Co-Owner of A Lewis Enterprises, Inc. d/b/a A Step Above Elevator ("A Step Above"), and on behalf of myself, and Anthony Lewis, Co-Owner and President of A Step Above, and on behalf of myself, being duly sworn hereby state as follows under penalty of perjury:

1.      I am making a voluntary, knowing and intelligent waiver of my right, and A Step Above's right, to notice and a prejudgment hearing on the merits of the claim for damages against A Step Above and against Lindsey Lewis and Anthony Lewis individually by the Trustees of the National Elevator Industry Pension Plan, National Elevator Industry Health Benefit Plan, National Elevator Industry Educational Fund, Elevator Industry Work Preservation Fund, and the Elevator Constructors Annuity and 401(k) Retirement Fund (collectively referred to as the "Benefit Plans"). I have the authority to execute this document on behalf of A Step Above and on behalf of myself.

2.      For value received and in consideration of the mutual promises set forth in the Settlement Agreement, A Step Above, Lindsey Lewis, and Anthony Lewis have promised to pay the sum of Sixty-Four Thousand and One-Hundred and Forty-Five Dollars and Twelve Cents ($64,145.12) to the Benefit Plans in the event of a default by A Step Above, Lindsey Lewis, and Anthony Lewis in the payment of any amount when due under the terms of the Settlement Agreement. Interest will be assessed on this sum in the amount of nine percent (9%) per annum. This amount is justly due to the Benefit Plans pursuant to the terms of collective bargaining agreements between A Step Above and the International Union of Elevator Constructors, AFL-CIO, for delinquent contributions, interest, and liquidated damages for work performed for the months of May through and including August 2018. The attached summary of damages details

these amounts. A Step Above, Lindsey Lewis, and Anthony Lewis recognize that they have no meritorious defense to the Benefit Plan's claim to payment of this amount.

3.    In the event of default by A Step Above of any obligation under the terms of the Settlement Agreement, time being of the essence hereof, the holder of this Confession of Judgment, at their option, may, without presentment, protest, notice or demand, declare the entire principal sum of $64,145.12 then unpaid, together with any accrued and unpaid interest thereon, immediately due and payable by A Step Above, Lindsey Lewis, and Anthony Lewis and obtain a final judgment against A Step Above, Lindsey Lewis, and Anthony Lewis, jointly and severally, by any court.

4.    A Step Above, Lindsey Lewis, and Anthony Lewis hereby authorize any attorney at law to appear on its behalf in any court of record including the United States District Court for the Eastern District of Pennsylvania, file this Affidavit, and confess a judgment against A Step Above, Lindsey Lewis, and Anthony Lewis in favor of the holder for the full amount then due, plus costs of suit and attorneys' fees, and to release all errors and waive all right of appeal. Upon such confession, A Step Above, Lindsey Lewis, and Anthony Lewis agree that a judgment is properly entered against A Step Above, Lindsey Lewis, and Anthony Lewis, jointly and severally, by any court, including the United States District Court for the Eastern District of Pennsylvania. A Step Above hereby waives any right to notice and a prejudgment hearing on the merits of the Benefit Plans' claim to payment under this Confession of Judgment.

5.    The terms of this Confession of Judgment are binding upon, and inure to the benefit of, the parties and their respective successors and assigns. Successors and assigns means, but is not limited to, any assignment, whether voluntary or involuntary, by merger (regardless of whether the party is the surviving or disappearing entity), change of control, asset purchase, consolidation,

2

dissolution, operation of law, sale, of any kind or other manner.  A Step Above, Lindsey Lewis,

and Anthony Lewis specifically warrant that in the event of a succession or assignment, it will

place any successor or assignee on notice of this Confession of Judgment, and will obtain the

successor or assignee's express written agreement to assume and be bound by this Confession of

Judgment.

6.     This judgment is not being entered by confession against a natural person in

connection with a consumer credit transaction, a residential lease, or a retail installment sale,

contact, or account as defined under the Goods and Services Installment Sales Act, 69 P.S. 1101,

*et seq.*

7.     The undersigned have executed this Confession of Judgment voluntarily,

knowingly, and intelligently in order to resolve a delinquency in payments to the Benefit Plans.  A

Step Above's mailing address to affect mail delivery upon A Step Above is 1064 Horizon Dr., Ste

5, Fairfield, CA  94533.  Lindsey Lewis' mailing address to affect mail delivery on her is 1064

Horizon Dr., Ste 5, Fairfield, CA  94533.  Anthony Lewis' mailing address to affect mail delivery

on her is 1064 Horizon Dr., Ste 5, Fairfield, CA  94533.  The undersigned is ____ years old.

Dated: October ___, 2018

＊See attached
Document (C)

_____
Owner/Principal, on behalf of A Step Above

_____
Lindsey Lewis

_____
Anthony Lewis

Sworn to and subscribed before me
this ___ day of October, 2018.

_____
NOTARY PUBLIC
My Commission Expires: _____

313814_1.docx

3

**CALIFORNIA JURAT WITH AFFIANT STATEMENT**      GOVERNMENT CODE § 8202

☑ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–6 to be completed only by document signer[s], *not* Notary)

1.

2.

3.

4.

5.

6.

*Signature of Document Signer No. 1*          *Signature of Document Signer No. 2 (if any)*

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

State of California
County of _Solano_

TATIANA JA-NAE LEWIS
Notary Public - California
Solano County
Commission # 2174869
My Comm. Expires Dec 8, 2020

Subscribed and sworn to (or affirmed) before me

on this _10th_ day of _October_, 20 _18_,
    **Date**        **Month**        **Year**
by

(1) _Anthony E. Lewis II_

(and 2) _Lindsey E. Lewis_ ),
            *Name(s) of Signer(s)*

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____

*Signature of Notary Public*

Seal
Place Notary Seal Above

────────────── **OPTIONAL** ──────────────
*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: _Settlement Agreement_   Document Date: _10/10/18_
Number of Pages: _15_  Signer(s) Other Than Named Above: _____ _N/A_ _____

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5910

# Declaration of Robert O Betts, Jr.
# Exhibit B

## SETTLEMENT AGREEMENT, RELEASE, AND CONFESSION OF JUDGMENT

**THIS SETTLEMENT AGREEMENT, RELEASE AND CONFESSION OF JUDGMENT** ("Settlement Agreement") is entered into on this 10 day of October 2018, between A Lewis Enterprises, Inc. d/b/a A Step Above Elevator ("A Step Above"), Lindsey Lewis, Anthony Lewis, and the Trustees of the National Elevator Industry Pension Plan, National Elevator Industry Health Benefit Plan, National Elevator Industry Educational Fund, Elevator Industry Work Preservation Fund, and the Elevator Constructors Annuity and 401(k) Retirement Fund (collectively referred to as "Benefit Funds").

**WHEREAS**, A Step Above owes certain amounts to the Benefit Funds under the terms of its Collective Bargaining Agreement with the International Union of Elevator Constructors, AFL-CIO for the months of May through August 2018, and

**WHEREAS**, the parties desire to make arrangements for the payment of the delinquent amounts owed to the Benefit Funds, and

**WHEREAS**, the undersigned represent that they are authorized to execute this Settlement Agreement and Release and Confession of Judgment and bind the respective parties to the terms of this document,

**NOW, THEREFORE**, the parties hereby agree, in consideration of good and valuable consideration, the receipt of which is hereby acknowledged, as follows:

1.    The foregoing recitals are made a part of this Settlement Agreement and Release.

2.    A Step Above acknowledges that it owes the Benefit Funds the amount of $64,145.12 for delinquent contributions, interest, and liquidated damages for the months of March and April 2018. The attached Summary of Damages details these amounts.

3.    In order to resolve the Indebtedness to the Benefit Funds, A Step Above agrees to pay the sum of $59,275.44. This amount will be paid by way of an initial payment of $5,927.54 due on October 1, 2018, and ten monthly payments of $5,000.00 due on the first day of each following month beginning November 1, 2018, and a final payment of $4,942.84 on September 1, 2019, with interest accruing on any outstanding balance at the rate of five percent (5%) per annum.    The parties agree that time is of the essence. All payments are to be made payable to the "NEI Benefit Plans" and received before the close of business on the date due (or if the date due falls on a weekend or holiday, received on the next regular business day) to O'Donoghue & O'Donoghue LLP, c/o Andrew Kelser, 325 Chestnut Street, Suite 515, Philadelphia, PA 19106.

4.    If A Step Above fails to make any scheduled payment to liquidate its Indebtedness to the Benefit Funds as provided in Paragraph 3, or if A Step Above fails to keep current in its future obligations to the Benefit Funds, the Benefit Funds may, without additional notice or demand, declare the entire Indebtedness then unpaid, together with accrued interest thereon, immediately due and payable.

5.    A Step Above acknowledges that the Collective Bargaining Agreement provides that contribution reports and payments are due no later than 15th day of each month following the work month. For example, the report of hours and contributions owed for work performed in April are due no later than May 15. A Step Above acknowledges further that the Collective Bargaining Agreement provides for interest and liquidated damages to be assessed on late payments.

6.    A Step Above acknowledges that the Collective Bargaining Agreement provides that employee 401(k) elective deferrals are due no later than 7 calendar days following the day in which the amounts were deducted from the Employee's pay. A Step Above acknowledges further that

2

the Collective Bargaining Agreement provides for liquidated damages, and interest and/or lost earnings, to be assessed on employee 401(k) elective deferrals remitted late.

7.   A Step Above agrees that for the duration of the payment schedule set forth in Paragraph 3 above, it will submit all monthly contribution payments to O'Donoghue & O'Donoghue LLP, c/o Andrew Kelser, 325 Chestnut Street, Suite 515, Philadelphia, PA 19106, by the close of business on the date due.  All payments are to be made payable to the "NEI Benefit Plans".

8.   A Step Above, Lindsey Lewis, and Anthony Lewis, agree to the entry of the attached Confession of Judgment.  In the event A Step Above breaches the terms of this Settlement Agreement and Release, the Benefit Funds may, without notice or demand, declare the entire total indebtedness then unpaid, together with accrued interest thereon and less any payments made toward the principal amount, immediately due and payable by A Step Above, Lindsey Lewis, and Anthony Lewis, and the Benefit Plans may file the attached Confession of Judgment, with A Step Above, Lindsey Lewis, and Anthony Lewis, responsible for all costs and attorney's fees.

9.   In the event of a future lawsuit to enforce payment of the Settlement Agreement and Release, A Step Above, Lindsey Lewis, and Anthony Lewis, agree to pay reasonable costs and attorneys' fees to the Benefit Funds.

10. The parties agree that A Step Above may pay the principal amount early, without penalty.  However, any partial prepayment shall not alter A Step Above's obligation to make its next monthly payment in accordance with the terms set forth in Paragraph 3.

11. A Step Above agrees that title to all amounts to be paid to the Benefit Funds under the terms of this Settlement Agreement and Release and the Collective Bargaining Agreement, whether paid or unpaid, vests and becomes a plan trust asset on the date due.  A Step Above further

3

acknowledges that it is bound to the Restated Agreements and Declarations of Trust establishing the Benefit Plans and the *Guidelines for Employers Participating in the National Elevator Industry Pension Fund, the National Elevator Industry Health Benefit Plan, the National Elevator Industry Educational Program, the Elevator Constructors Annuity and 401(k) Retirement Plan and the Elevator Industry Work Preservation Fund* ("Employer Guidelines").

12. A Step Above acknowledges that if it fails to pay the company's regular monthly benefit contribution payments in accordance with Paragraphs 5 and 7, A Step Above's employees' health coverage provided through the National Elevator Industry Health Benefit Plan will immediately be terminated. In the event A Step Above's employees' health coverage is terminated in accordance with this Paragraph, the Health Benefit Plan will not reinstate the employees' health coverage until A Step Above cures its breach of this Agreement.

13. Nothing in this Settlement Agreement and Release shall be interpreted to alter or amend the terms of the Collective Bargaining Agreement or the Benefit Funds' Declarations of Trust.

14. Upon satisfaction of all obligations under this Settlement Agreement and Release, the Benefit Funds will release and forever discharge A Step Above, Lindsey Lewis, and Anthony Lewis, along with their authorized representatives, agents, officers, and  principals from any and all claims, debts, liabilities, obligations and causes of action, suits, claims and demands of any kind whatsoever, in law or equity, whether known or unknown, contingent or matured, and whether within the contemplation of the parties or not, which the Benefit Funds may have had, now have, or may have in the future against A Step Above, Lindsey Lewis, and Anthony Lewis, arising under or relating in any way to contributions, interest, liquidated damages, costs and attorneys' fees under the terms of A Step Above's Collective Bargaining Agreement with the

4

International Union of Elevator Constructors, AFL-CIO, for the period of May 2018 through and including August 2018. The parties specifically acknowledge that this Release does not extend to any withdrawal liability assessments, if any, in the future.

15. A Step Above specifically agrees that to the extent it has submitted inaccurate or incomplete remittance reports, the Benefit Funds do not waive or release any claims, actions, or causes of action and that nothing in this Settlement Agreement and Release, including Paragraph 14, will be construed to prevent the Benefit Funds from bringing an action in any court to compel an audit and/or any action for delinquent contributions and other amounts owed for any period of time covered by this Settlement Agreement and Release.

16. A Step Above certifies that it remitted all Elective Contributions owed to the Elevator Constructors Annuity and 401(k) Retirement Fund due as of the date of this Settlement Agreement.

17. Within five (5) days of a written request from the Benefit Plans, A Step Above agrees to provide any records the Benefit Plans determine are necessary to calculate any unremitted elective 401(k) deferrals, interest, and lost earnings owed to the Elective Contributions owed to the Elevator Constructors Annuity and 401(k) Retirement Fund.

18. Within five (5) days of a written request from the Benefit Plans, A Step Above agrees to provide all payroll records and time sheets for work performed by A Step Above's employees on any project that may be subject to a payment. A Step Above further agrees to assist the Benefit Plans in pursuing any available claim pursuant to a payment bond covering work performed by A Step Above's employees.

19. Lindsey Lewis, an owner and officer of A Step Above, acknowledges that he exercises discretionary authority and discretionary control with respect to the management of the Benefit Plans' "plan assets," that he is a "fiduciary" with respect to the Benefit Plans' "plan assets" under

the Employee Retirement Income Security Act ("ERISA), and that he is personally liable for the amounts due and owing to the Benefit Plans that are part of this Settlement Agreement.

20. Anthony Lewis, an owner and officer of A Step Above, acknowledges that he exercises discretionary authority and discretionary control with respect to the management of the Benefit Plans' "plan assets," that he is a "fiduciary" with respect to the Benefit Plans' "plan assets" under the Employee Retirement Income Security Act ("ERISA), and that he is personally liable for the amounts due and owing to the Benefit Plans that are part of this Settlement Agreement.

21. A Step Above, Lindsey Lewis, and Anthony Lewis, agree to release and forever discharge the Benefit Funds, along with their authorized representatives, agents, officers, and principals from any and all claims, debts, liabilities, obligations and causes of action, suits, claims and demands of any kind whatsoever, in law or equity, whether known or unknown, contingent or matured, and whether within the contemplation of the parties or not, which A A Step Above, Lindsey Lewis, and Anthony Lewis, may have had, now have, or may have in the future against the Benefit Funds arising under or relating in any way to erroneously paid contributions under the terms of A Step Above's Collective Bargaining Agreement with International Union of Elevator Constructors, AFL-CIO for the period of May 2018 through and including August 2018.

22. The terms of this Settlement Agreement are binding upon, and inure to the benefit of, the parties and their respective successors and assigns. Successors and assigns means, but is not limited to, any assignment, whether voluntary or involuntary, by merger (regardless of whether the party is the surviving or disappearing corporation), change of control, asset purchase, consolidation, dissolution, operation of law, sale, of any kind or other manner. A Step Above specifically warrants that in the event of a succession or assignment, it will place any successor or assignee on notice of this Settlement Agreement and Release, and will obtain the successor or

6

assignee's express agreement to assume and be bound by this Settlement Agreement and Release and the Confession of Judgment.

23.  This Settlement Agreement and Release shall be governed by the laws of Pennsylvania and applicable federal law.

24.  It is agreed that if any part of this Settlement Agreement and Release is declared unlawful, invalid or unenforceable by any court or administrative body of competent jurisdiction, it shall not affect the validity or enforceability of any other provision hereof.

25.  The parties acknowledge that they have carefully reviewed the terms of this Settlement Agreement and Release and the Affidavit for Confession of Judgment and that each has had the opportunity to consult with counsel prior to executing this document.  The parties agree that each has participated in the drafting of this Settlement Agreement and Release and its attachment, that their terms are the combined efforts of all the parties, and that their terms shall not be construed against any party.

26.  This Settlement Agreement and Release and the Affidavit for Confession of Judgment represents the entire agreement and understanding of the parties with respect to all matters contained in it, and all prior agreements, and all understandings and representations, whether written or oral, are and have been merged herein and superseded by this Settlement Agreement and Release and the Affidavit for Confession of Judgment.  Any changes or modifications to this Settlement Agreement and Release and the Affidavit for Confession of Judgment may be made only if in writing and executed on behalf of all of the parties.

27.  Failure to insist on strict compliance with any of the terms of this Settlement Agreement and Release or the Affidavit for Confession of Judgment (by way of waiver or breach)

by any party hereto shall not be deemed to be a continuous waiver in the event of any future breach or waiver of any conditions.

**IN WITNESS WHEREOF**, the parties have executed this Settlement Agreement and Release on the date stated above.

TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION PLAN, NATIONAL ELEVATOR INDUSTRY HEALTH BENEFIT PLAN, NATIONAL ELEVATOR INDUSTRY EDUCATIONAL PROGRAM, ELEVATOR INDUSTRY WORK PRESERVATION FUNDS, ELEVATOR CONSTRUCTORS ANNUITY AND 401(K) RETIREMENT PLAN

DATE: 10/15/18

By: _____

Title: Fund Counsel

**A LEWIS ENTERPRISES, INC. D/B/A A STEP ABOVE ELEVATOR**

DATE: 10/10/18

By: _____

Title: Owner

**LINDSEY LEWIS**

DATE: 10/10/18

By: _____

Title: Owner | CFO

**ANTHONY LEWIS**

DATE: 10/10/18

By: _____

Title: Owner

8

### *National Elevator Industry Benefit Plans*
### *A Step Above Elevator*
### Summary of Amounts Owed for Confession of Judgment

**Total**

**Amounts Owed Pursuant to Contribution Reports Received by the Benefits Office**

| Type | Amount | |
|---|---|---|
| *Unpaid Contributions* | | |
| Jul-18 | $25,473.84 | |
| Aug-18 | $33,363.79 | |
| *Interest Assessed on Unpaid Contributions* | | |
| Jul-18 | $212.72 | |
| *Liquidated Damages* | | |
| Jul-18 | $5,094.77 | |
| *Interest on Late Paid Contributions* | | |
| May - June 2018 | $225.09 | |
| | | |
| **Total** | **$64,145.12** | **$64,145.12** |

### *National Elevator Industry Benefit Plans*
### *A Step Above Elevator*
### Summary of Settlement Agreement Payment Amount

**Total**

Amounts Owed Pursuant to Contribution Reports Received by the Benefits Office

| Type | Amount | |
|---|---|---|
| *Unpaid Contributions* | | |
| Jul-18 | $25,473.84 | |
| Aug-18 | $33,363.79 | |
| *Interest Assessed on Unpaid Contributions* | | |
| Jul-18 | $212.72 | |
| *Interest on Late Paid Contributions* | | |
| May - June 2018 | $225.09 | |
| **Total** | **$59,275.44** | **$59,275.44** |

National Elevator Industry Benefit Plans
A Step Above Elevator
Payment Schedule

| Payment Date: | 1st of each month |
|---|---|
| Principal Amount | $59,275.44 |
| Interest Rate | 5.00% |
| First Payment | 10/1/2018 |
| Months | 12 |
| Monthly Amount | 5,000.00 |

| Period | Payment Date | Beginning Balance | Payment | Principal | Interest | Cumulative Principal | Cumulative Interest | Ending Balance |
|---|---|---|---|---|---|---|---|---|
| 1 | 10/1/2018 | 59,275.44 | 5,927.54 | 5,680.56 | 246.98 | 5,680.56 | 246.98 | 53,594.88 |
| 2 | 11/1/2018 | 53,594.88 | 5,000.00 | 4,776.69 | 223.31 | 10,457.25 | 470.29 | 48,818.19 |
| 3 | 12/1/2018 | 48,818.19 | 5,000.00 | 4,796.59 | 203.41 | 15,253.84 | 673.70 | 44,021.60 |
| 4 | 1/1/2019 | 44,021.60 | 5,000.00 | 4,816.58 | 183.42 | 20,070.42 | 857.12 | 39,205.02 |
| 5 | 2/1/2019 | 39,205.02 | 5,000.00 | 4,836.65 | 163.35 | 24,907.07 | 1,020.47 | 34,368.37 |
| 6 | 3/1/2019 | 34,368.37 | 5,000.00 | 4,856.80 | 143.20 | 29,763.87 | 1,163.67 | 29,511.57 |
| 7 | 4/1/2019 | 29,511.57 | 5,000.00 | 4,877.04 | 122.96 | 34,640.91 | 1,286.63 | 24,634.53 |
| 8 | 5/1/2019 | 24,634.53 | 5,000.00 | 4,897.36 | 102.64 | 39,538.27 | 1,389.27 | 19,737.17 |
| 9 | 6/1/2019 | 19,737.17 | 5,000.00 | 4,917.76 | 82.24 | 44,456.03 | 1,471.51 | 14,819.41 |
| 10 | 7/1/2019 | 14,819.41 | 5,000.00 | 4,938.25 | 61.75 | 49,394.28 | 1,533.26 | 9,881.16 |
| 11 | 8/1/2019 | 9,881.16 | 5,000.00 | 4,958.83 | 41.17 | 54,353.11 | 1,574.43 | 4,922.33 |
| 12 | 9/1/2019 | 4,922.33 | 4,942.84 | 4,922.33 | 20.51 | 59,275.44 | 1,594.94 | 0.00 |

National Elevator Industry Benefit Plans
A Step Above Elevator
Interest Calculation Chart

| Work Month | Late Paid Contributions | Date Payment Due | Current Date/Date Payment Made | Days Late | Interest Rate | Interest Paid | Total Unpaid Interest |
|---|---|---|---|---|---|---|---|
| May-18 | $28,348.32 | 6/15/2018 | 9/19/2018 | 96 | 5.00% | $24.72 | $120.29 |
| Jun-18 | $24,946.19 | 7/15/2015 | 9/19/2018 | 1162 | 5.00% | $0.00 | $104.80 **$225.09** |

| Work Month | Unpaid Contributions | Date Payment Due | Current Date/Date Payment Made | Days Late | Interest Rate | Interest Paid | Total Unpaid Interest |
|---|---|---|---|---|---|---|---|
| Jul-18 | $25,473.84 | 8/15/2018 | 9/19/2018 | 35 | 5.00% | $0.00 | $212.72 |

# Declaration of Robert O Betts, Jr. Exhibit C

*National Elevator Industry Benefit Plans*

*A Step Above Elevator*

**Summary of Amounts Owed for Confession of Judgment**

**Total**

**Amounts Owed Pursuant to Contribution Reports Received by the Benefits Office**

| Type | Amount | |
|---|---|---|
| *Unpaid Contributions* | | |
| Jul-18 | $25,473.84 | |
| Aug-18 | $33,363.79 | |
| *Interest Assessed on Unpaid Contributions* | | |
| Jul-18 | $212.72 | |
| *Liquidated Damages* | | |
| Jul-18 | $5,094.77 | |
| *Interest on Late Paid Contributions* | | |
| May - June 2018 | $225.09 | |
| **Total** | $64,145.12 | **$64,145.12** |

**Amounts Owed Pursuant to Settlement Breach/Confessed Judgment**

| Type | Amount | |
|---|---|---|
| *Interest at 9% on Confessed Judgment Balance* | | |
| As of April 2, 2019 | $2,752.09 | |
| *Attorneys Fees and Court Costs* | | |
| Attorneys Fees | $1,656.00 | |
| Court Costs | $400.00 | |
| **Total** | $4,808.09 | **$4,808.09** |
| **Less Payments Made** | | **$20,927.54** |
| **Total** | | **$48,025.67** |

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND, et al., | : | |
| | : | |
| | : | |
| Plaintiffs, | : | Civil Action No. _____ |
| | : | |
| v. | : | |
| | : | |
| A LEWIS ENTERPRISES, INC., D/B/A A STEP ABOVE ELEVATOR, et al., | : | |
| | : | |
| Defendants. | : | |

### DECLARATION OF ANDREW KELSER

I, Andrew Kelser, of O'Donoghue & O'Donoghue LLP, counsel of record of Plaintiffs, hereby certify, declare and verify under penalty of perjury pursuant to 28 U.S.C. § 1746 the following:

1.      That I graduated from Temple University Beasley School of Law with honors in 2012. I have practiced exclusively in the field of labor and employee benefits law since joining O'Donoghue & O'Donoghue LLP in 2012.  I am an associate with the law firm of O'Donoghue & O'Donoghue LLP, the counsel of record for the Plaintiffs.  I am over the age of 18 and competent to testify to the facts contained in this Declaration.

2.      The total number of hours expended by me on this matter is 6 hours, which breaks down into general categories as follows: 6 hours for pleadings.

3.      That the amount of time expended is within the usual and customary amount of time spent by an attorney on this type of case.  This amount of time has been reduced to reflect the firm's billing judgment and to remove unproductive, excessive or redundant hours.

4.      O'Donoghue & O'Donoghue LLP has negotiated a fee of $276.00 per hour for attorney time with its client for the performance of this type of legal representation to be billed in quarter hour increments.

5.      Legal costs in the amount of $400.00 were incurred for the filing fee.

6.      A total of $1,656.00 in attorney fees and $400.00 in costs were incurred in this action

Dated:  April 3, 2019                    By: _____/s/_____
                                              Andrew Kelser

2

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND, et al., | : <br> : <br> : |
|      Plaintiffs, | : Civil Action No. _____ <br> : |
|         v. | : <br> : |
| A LEWIS ENTERPRISES, INC., D/B/A <br> A STEP ABOVE ELEVATOR, et al., | : <br> : <br> : |
|      Defendants. | : |

## **PRAECIPE FOR ENTRY OF JUDGMENT BY CONFESSION**

COME NOW Plaintiffs, by and through their attorneys, O'Donoghue & O'Donoghue LLP, and request the Clerk of the Court to enter a Judgment by Confession against Defendants A Lewis Enterprises, Inc. d/b/a A Step Above Elevator, Anthony Lewis, and Lindsey Lewis, jointly and severally, in the amount of $48,025.67.

This Request is brought pursuant to Rule 236 of the Supreme Court of Pennsylvania and Rule 54 of the Federal Rules of Civil Procedure. The basis for this Request is set forth in the attached Declaration in Support of and Request for Clerk's Entry of Judgment by Confession.

Respectfully submitted,

DATE: <u>April 3, 2019</u>

<u>s/ Robert P. Curley</u>
Robert P. Curley, Bar No. 55760
Andrew Kelser, Bar No. 314865
**O'DONOGHUE & O'DONOGHUE LLP**
Constitution Place, Suite 515
325 Chestnut Street
Philadelphia, PA 19106
Telephone (215) 629-4970
Facsimile (215) 629-4996

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND, et al., | : |
| | : |
| | : |
| Plaintiffs, | : Civil Action No. _____ |
| | : |
| v. | : |
| | : |
| A LEWIS ENTERPRISES, INC., D/B/A A STEP ABOVE ELEVATOR, et al., | : |
| | : |
| | : |
| Defendants. | : |

**DECLARATION IN SUPPORT OF AND**
**REQUEST FOR CLERK'S ENTRY OF JUDGMENT BY CONFESSION**

I hereby certify, declare, and verify under penalty of perjury, and pursuant to 28 U.S.C. Section 1746, this 2rd day of April, 2019, that I am an attorney of record for the Plaintiffs in the above-captioned case and that Defendants A Lewis Enterprises, Inc. d/b/a A Step Above Elevator, Anthony Lewis, and Lindsey Lewis executed the Settlement Agreement and Confession of Judgment, and that the Defendants Lewis Enterprises, Inc. d/b/a A Step Above Elevator, Anthony Lewis, and Lindsey Lewis breached the terms of the Settlement Agreement and Confession of Judgment by failing to make required payments to the Plaintiffs.

Therefore, the Clerk of Court is requested to enter a Judgment by Confession against Defendants A Lewis Enterprises, Inc. d/b/a A Step Above Elevator, Anthony Lewis, and Lindsey Lewis pursuant to Rule 236 of the Supreme Court of Pennsylvania and Federal Rule of Civil Procedure 54.

Respectfully submitted,

DATE: <u>April 3, 2019</u>

<u>s/ Robert P. Curley</u>
Robert P. Curley, Bar No. 55760
Andrew Kelser, Bar No. 314865
**O'DONOGHUE & O'DONOGHUE LLP**
Constitution Place, Suite 515
325 Chestnut Street
Philadelphia, PA  19106
Telephone (215) 629-4970
Facsimile (215) 629-4996

2

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND, et al., | : | |
| | : | |
| Plaintiffs, | : | Civil Action No. _____ |
| | : | |
| v. | : | |
| | : | |
| A LEWIS ENTERPRISES, INC., D/B/A A STEP ABOVE ELEVATOR, et al., | : | |
| | : | |
| Defendants. | : | |

## ASSESSMENT OF DAMAGES

TO THE PROTHONOTARY:

You are hereby directed to assess damages in favor of Plaintiffs, Trustees of the National Elevator Industry Pension, Health Benefit, Educational, Elevator Industry Work Preservation Funds, Elevator Constructors Annuity and 401(k) Retirement Plan Funds, and Defendants A Lewis Enterprises, Inc. d/b/a A Step Above Elevator, Anthony Lewis, and Lindsey Lewis, jointly and severally, in the amount of $48,025.67.

Respectfully submitted,

DATE: April 3, 2019

s/ Robert P. Curley_____
Robert P. Curley, Bar No. 55760
Andrew Kelser, Bar No. 314865
**O'DONOGHUE & O'DONOGHUE LLP**
Constitution Place, Suite 515
325 Chestnut Street
Philadelphia, PA  19106
Telephone (215) 629-4970
Facsimile (215) 629-4996

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND, et al., | : |
| | : |
| | : |
| Plaintiffs, | : Civil Action No. _____ |
| | : |
| v. | : |
| | : |
| A LEWIS ENTERPRISES, INC., D/B/A A STEP ABOVE ELEVATOR, et al., | : |
| | : |
| Defendants. | : |

## CERTIFICATION OF ADDRESSES

I, Robert Curley, certify to the best of my knowledge, information and belief that the Plaintiffs' address is 19 Campus Blvd., Suite 200, Newtown Square, PA 19073; the last known address of Defendant A Lewis Enterprises, Inc. d/b/a A Step Above Elevator is 1064 Horizon Dr., Ste. 5, Fairfield, CA  94533; the last known address of Defendant Anthony Lewis is 1064 Horizon Dr., Ste. 5, Fairfield, CA  94533; and the last known address of Defendant Lindsey Lewis is 1064 Horizon Dr., Ste. 5, Fairfield, CA  94533.

Respectfully submitted,

DATE: <u>April 3, 2019</u>

s/ Robert P. Curley_____
Robert P. Curley, Bar No. 55760
Andrew Kelser, Bar No. 314865
**O'DONOGHUE & O'DONOGHUE LLP**
Constitution Place, Suite 515
325 Chestnut Street
Philadelphia, PA  19106
Telephone (215) 629-4970
Facsimile (215) 629-4996

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND, et al., | : <br> : <br> : |
| Plaintiffs, | : Civil Action No. _____ |
| | : |
| v. | : |
| | : |
| A LEWIS ENTERPRISES, INC., D/B/A A STEP ABOVE ELEVATOR, et al., | : <br> : |
| | : |
| Defendants. | : |

## <u>NOTICE</u>

Pursuant to Rule 236 of the Supreme Court of Pennsylvania, and Federal Rule of Civil Procedure 54, you are hereby notified that a Judgment by Confession has been entered against you in the above-proceeding.  Enclosed is a copy of the Complaint and accompanying documents filed in support of said Judgment.

If you have any questions concerning this Notice, please call Andrew Kelser at (215) 629-4970.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

By:  _____
       Kate Berkman, Clerk

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND, et al., | : <br> : <br> : |
| Plaintiffs, | : Civil Action No. _____ <br> : |
| v. | : <br> : |
| A LEWIS ENTERPRISES, INC., D/B/A A STEP ABOVE ELEVATOR, et al., | : <br> : <br> : |
| Defendants. | : |

**NOTICE OF RIGHT TO RECOVER ATTORNEY FEES**
**AND COSTS AND PROCEDURE TO**
**FOLLOW TO STRIKE OR OPEN A CONFESSED JUDGMENT**

TO:   A Lewis Enterprises, Inc.
d/b/a A Step Above Elevator
1064 Horizon Dr., Suite 5
Fairfield, CA  94533,

Anthony Lewis
1064 Horizon Dr., Suite 5
Fairfield, CA  94533,

Lindsey Lewis
1064 Horizon Dr., Suite 5
Fairfield, CA  94533,

A judgment in the amount of $48,025.67 has been entered against you and in favor of the Plaintiffs without any notice of prior hearing based on a Judgment by Confession contained in a written agreement or other document allegedly signed by you.  The U.S. Marshall or Sheriff may take your property or money to satisfy this judgment at any time after thirty (30) days after this notice has been served on you.

You may have legal rights to defeat the judgment or to prevent your property or money from being taken.   YOU MUST FILE A PETITION SEEKING RELIEF FROM THE JUDGMENT AND PRESENT IT TO A JUDGE WITHIN THIRTY (30) DAYS AFTER THE DATE ON WHICH THIS NOTICE IS SERVED ON YOU OR YOU MAY LOSE YOUR RIGHTS.

Pursuant to 42 Pa.C.S.A. 2737.1, you are hereby notified that a debtor who has been incorrectly identified and had a confession of judgment entered against him shall be entitled to costs and reasonable attorney's fees as determined by the Court.

Pursuant to 42 Pa.C.S.A. 2737.1, you are hereby notified of the instructions regarding the procedure to follow to strike off or open a confessed judgment under Pennsylvania Rule of Civil Procedure 2959, which is reproduced in full on the following page.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW WHERE YOU CAN GET LEGAL HELP.

Philadelphia Bar Association
Lawyer Referral and Information Service
One Reading Center
1101 Market Street, 11th Fl
Philadelphia, PA 19107
(215) 238-6300

Respectfully submitted,

Dated:  April 3, 2019

_s/ Andrew Kelser_____
Andrew Kelser, Bar No. 314865
O'DONOGHUE & O'DONOGHUE LLP
Constitution Place, Suite 515
325 Chestnut Street
Philadelphia, PA  19106
Telephone (215) 629-4970
Facsimile (215) 629-4996
akelser@odonoghuelaw.com

## Pennsylvania Rule of Civil Procedure 2959
### Striking Off or Opening Judgment; Pleadings; Procedure

(a)(1) Relief from a judgment by confession shall be sought by petition. Except as provided in subparagraph (2), all grounds for relief whether to strike off the judgment or to open it must be asserted in a single petition. The petition may be filed in the county in which the judgment was originally entered, in any county to which the judgment has been transferred or in any other county in which the sheriff has received a writ of execution directed to the sheriff to enforce the judgment.

(2) The ground that the waiver of the due process rights of notice and hearing was not voluntary, intelligent and knowing shall be raised only

(i) in support of a further request for a stay of execution where the court has not stayed execution despite the timely filing of a petition for relief from the judgment and the presentation of prima facie evidence of a defense; and

(ii) as provided by Rule 2958.3 or Rule 2973.3.

(3) If written notice is served upon the petitioner pursuant to Rule 2956.1(c)(2) or Rule 2973.1(c), the petition shall be filed within thirty days after such service. Unless the defendant can demonstrate that there were compelling reasons for the delay, a petition not timely filed shall be denied.

(b) If the petition states prima facie grounds for relief the court shall issue a rule to show cause and may grant a stay of proceedings. After being served with a copy of the petition the plaintiff shall file an answer on or before the return day of the rule. The return day of the rule shall be fixed by the court by local rule or special order.

(c) A party waives all defenses and objections which are not included in the petition or answer.

(d) The petition and the rule to show cause and the answer shall be served as provided in Rule 440.

(e) The court shall dispose of the rule on petition and answer, and on any testimony, depositions, admissions and other evidence. The court for cause shown may stay proceedings on the petition insofar as it seeks to open the judgment pending disposition of the application to strike off the judgment. If evidence is produced which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment.

(f) The lien of the judgment or of any levy or attachment shall be preserved while the proceedings to strike off or open the judgment are pending.

(g) (1) A judgment shall not be stricken or opened because of a creditor's failure to provide a debtor with instructions imposed by an existing statute, if any, regarding procedures to follow to strike a judgment or regarding any rights available to an incorrectly identified debtor.

(2) Subdivision (g)(1) shall apply to (1) judgments entered prior to the effective date of subdivision (g)[1] which have not been stricken or opened as of the effective date and (2) judgments entered on or after the effective date.

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132(h), on this 2nd day of April 2019 on the following:

> Secretary of the Treasury
> 15th. and Pennsylvania Ave., N.W.
> Washington, DC  20220
> ATTN: Employee Plans
>         Internal Revenue Service
>
> Secretary of Labor
> 200 Constitution Avenue, N.W.
> Washington, DC  20210
> ATTN: Assistant Solicitor
>         for Plan Benefits Security

> s/ Andrew Kelser
> Andrew Kelser

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND, et al., | : <br> : <br> : |
| Plaintiffs, | : Civil Action No. _____ <br> : |
| v. | : <br> : |
| A LEWIS ENTERPRISES, INC., D/B/A A STEP ABOVE ELEVATOR, et al., | : <br> : <br> : |
| Defendants. | : |

## <u>JUDGMENT BY CONFESSION</u>

It appearing from the records in the above entitled action that the Plaintiffs, Trustees of the National Elevator Industry Pension Fund, National Elevator Industry Health Benefit Fund, National Elevator Industry Education Fund, Elevator Industry Work Preservation Fund, and the Elevator Constructors Annuity & 401(k) Retirement Fund, have filed a complaint in confession of judgment;

It is **ORDERED** and **ADJUDGED** that Judgment by Confession be and the same hereby is entered as follows:

1)       In favor of Plaintiffs Trustees of the National Elevator Industry Pension Fund, National Elevator Industry Health Benefit Fund, National Elevator Industry Education Fund, Elevator Industry Work Preservation Fund, and the Elevator Constructors Annuity & 401(k) Retirement Fund against Defendants A Lewis Enterprises, Inc. d/b/a A Step Above Elevator, Anthony Lewis, and Lindsey Lewis, jointly and severally, in the amount of $48,025.67, with post-judgment interest to accrue at the statutory rate;

2)       That the Clerk of Court shall transmit a copy of this Order to all counsel of record and to the Defendant; and

3)      That the Clerk of Court shall close this case.

_____
United States District Judge
Eastern District Of Pennsylvania